863 F.2d 883
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
William L. BENNETT, Plaintiff-Appellant,
v.
State Court Judge James THORBURN, Both In Official and
Individual Capacity, Defendant-Appellee,
Law Firm of Sullivan, Ward, Bone, Tyler, Fiott and Asher, et
al., Defendants.
 Nos. 87-2169, 88-1156 and 88-1219.
 United States Court of Appeals, Sixth Circuit.
 Dec. 1, 1988.
 
 Before KEITH and KRUPANSKY, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 This pro se Michigan plaintiff appeals the district court's orders granting defendants' motions for summary judgment and dismissing his civil rights action on grounds of res judicata. Defendant Thorburn appeals the district court's order denying his motion to enjoin plaintiff from filing future lawsuits and the district court's order limiting an award of sanctions under Fed.R.Civ.P. 11. Additionally, defendants request sanctions pursuant to Fed.R.App.P. 38. The appeals have been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking solely damages, plaintiff William Bennett filed a civil rights complaint against a state court judge, Hon. James S. Thorburn, and the attorneys who defended Thorburn in a prior civil rights action filed by Bennett. In the present case, Bennett alleged that defendants filed fraudulent pleadings in support of a motion to dismiss in the earlier case.
 
 
 3
 Defendants filed motions to dismiss the present case on the basis of res judicata. Additionally, defendants filed motions for sanctions under Fed.R.Civ.P. 11 and motions to enjoin Bennett from filing future, frivolous lawsuits.
 
 
 4
 The district court determined that the present action was barred by res judicata and granted summary judgment for defendants. The district court denied defendants' initial requests for sanctions. However, after Bennett filed a supplemental pleading criticizing judges, the district court granted defendants' renewed requests for sanctions but limited the awards to costs incurred in responding to the single pleading.
 
 
 5
 On appeal, Bennett reasserts his claim of fraud and his allegation that judges are corrupt. Defendant Thorburn argues that the district court abused its discretion by limiting the award of Rule 11 sanctions and by refusing to enjoin Bennett from filing future complaints. Additionally, defendants claim Bennett's appeal is frivolous and vexatious; they request an award of sanctions pursuant to Fed.R.App.P. 38.
 
 
 6
 Upon review, we conclude first that the district court properly dismissed this action on the basis of res judicata. See White v. Colgan Elec. Co., 781 F.2d 1214, 1216 ((6th Cir.1986). Second, the district court did not abuse its discretion by limiting the award of sanctions to costs incurred by defendants in responding to Bennett's condemnation of the court. See INVST Fin. Group v. Chem-Nuclear Systems, 815 F.2d 391, 401 (6th Cir.), cert. denied, 108 S.Ct. 291 (1987). Third, the district court did not abuse its discretion by refusing to enjoin Bennett from filing future lawsuits. Even though the district court is authorized to bar the doors of the court to a prolific litigator, see, e.g., In re Martin-Trigona, 737 F.2d 1254, 1261 (2d Cir.1984), the district court's finding that the complaints filed by Bennett did not demonstrate an egregious misuse of the judicial system is not clearly erroneous.
 
 
 7
 Finally, because Bennett's appeal is not so lacking in either factual or legal basis as to be frivolous, defendants' request for costs and attorney fees must be denied. See WSM, Inc. v. Tennessee Sales Co., 709 F.2d 1084, 1088 (6th Cir.1983).
 
 
 8
 Accordingly, defendants' request for sanctions under Fed.R.App.P. 38 is hereby denied. The district court's orders dismissing the action as barred by res judicata, the orders limiting Fed.R.Civ.P. 11 sanctions, and the order denying the request to enjoin plaintiff from filing further lawsuits are hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.